UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| P.A. ON BEHALF OF HER CHILDREN MINOR DAUGHTERS ELA AND GLA, ET AL.,<br><br>        Plaintiffs,<br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | Case No.: C 10-02811-PSG<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>**(Re: Docket. 38)** |

Defendant United States of America ("USA") moves to dismiss the second amended complaint ("SAC") setting forth various claims under the Federal Tort Claims Act ("FTCA").[1] The SAC alleges that agents from the Federal Bureau of Investigation ("FBI") and Department of Homeland Security ("DHS") (collectively the "Investigating Agencies") committed the torts of false arrest and false imprisonment, assault and negligence when they executed a search warrant at the home of Plaintiffs P.A. on behalf of her minor children ELA and GLA, Carlos Del Carmen and Julio Del Carmen (collectively "Plaintiffs"). Plaintiffs oppose the motion.[2]

---

[1] *See* 28 U.S.C. §§ 2671-2680.

[2] P.A. brings no claims on her own behalf.

1

Case No.: C 10-02811 PSG
ORDER

As discussed below, the court agrees with Plaintiffs that recent precedent from the Ninth Circuit of Appeals supports the legal sufficiency of Plaintiffs' allegations that the Investigating Agencies used unreasonable force against them as minors. Accordingly, the USA's motion is DENIED.

## I. BACKGROUND

The allegations of the SAC, as supplemented by facts subject to judicial notice, are as follows.

Between 2006 and 2008, the Investigating Agencies conducted surveillance of Carlos Del Carmen, Sr. ("Carlos Sr."), his wife, P.A., and their family. The surveillance included monitoring of their home, business, and family. The Investigating Agencies suspected Carlos Sr. and P.A. of crimes including harboring an unknown number of illegal aliens. Before the events at issue in this case, P.A. was under indictment on charges including alien harboring.[3]

Carlos Sr. and P.A. have two sons, Carlos ("Carlos Jr.") and Julio, and two minor daughters, ELA and GLA. At the time of the incident at issue, all four children were minors.

On June 12, 2008 at approximately 6AM, agents jointly executed arrest and search warrants at the home. After entering the home, the agents first encountered Julio. With their guns drawn, the agents forcibly slammed Julio to the ground, dragged him outside, and handcuffed him as he lay on his stomach in the front yard. The agents next encountered Carlos Jr. and he, too, was held at gunpoint.

ELA and GLA were awakened by the noise, came downstairs from their bedrooms, and were held at gunpoint. Carlos Sr. and P.A. were arrested and ultimately prosecuted.[4] As the agents separated ELA and GLA from their parents, the girls began crying because they were not allowed

---

[3] *United States of America v. Paula Luna Alvarez, et al.*, Case No. CR 08-00328 RMW.

[4] After their arrest, Carlos Sr. and P.A. entered guilty pleas to a single court of conspiracy to commit social security fraud. *See United States v. Alvarez*, Case No. CR 08-00328 RMW (N.D. Cal.).

2
Case No.: C 10-02811 PSG
ORDER

to say goodbye to their mother. P.A. also began crying, which further upset the children. The agents ultimately took ELA and GLA to a local children's shelter. No weapons or contraband was discovered.

To the extent that the SAC differs from the FAC, which was dismissed by this court without prejudice,[5] it does so in material part as follows. The SAC names as a defendant the United States of America ("USA") instead of the Federal Bureau of Investigation ("FBI"). Plaintiffs no longer bring *Bivens* claims for violations of their constitutional rights against unlawful search and seizure and excessive force.[6] Plaintiffs add allegations that there were no exigent circumstances at the time Investigative Agencies exercised the warrant and that the Investigative Agencies never determined that Plaintiffs had any involvement in the crimes being investigated against the parents of the Plaintiffs.

## II.   LEGAL STANDARDS

A complaint must state a "short plain statement of the claim showing that the pleader is entitled to relief."[7] While "detailed factual allegations" are not required, a complaint must include more than an unadorned, the defendant-unlawfully-harmed-me accusation."[8] In other words, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face."[9] A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10] Accordingly, under

---

[5] *See* Docket No. 52.

[6] Although the parties debate whether the SAC includes *Bivens* claims, a review of the pleading itself shows that three – and only three – causes of action are presented, each of which is brought under the FTCA. *See* Docket No. 53.

[7] Fed. R. Civ. P.8 (a)(2).

[8] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

[9] *Id*. at 1940 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[10] *Id*.

3

Case No.: C 10-02811 PSG
ORDER


Fed. R. Civ. P. 12(b)(6), which tests the legal sufficiency of the claims alleged in the complaint, "[d]ismissal can be based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[11]

When evaluating a Rule 12(b)(6) motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[12] Review of a motion to dismiss is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[13] The court is not required to accept "legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."[14] Further, the court need not accept as true allegations that contradict matters that are either subject to judicial notice or attached as exhibits to the complaint.[15]

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the complaint could not be saved by amendment."[16] A dismissal with prejudice, except one for lack of jurisdiction, improper venue, or failure to join a party operates as an adjudication on the merits.[17] Dismissal without leave to amend, however, may be denied for reasons of undue delay, bad faith, repeated failure to cure deficiencies by previous amendments, futility of the amendment, and prejudice.[18]

---

[11] *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).

[12] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[13] *See id.* at 1061.

[14] *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

[15] *See In re Gilead Sciences Securities Litigation*, 536 F.3d 1049, 1055 (9th Cir. 2008).

[16] *Eminence Capital, LLC. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

[17] Fed. R. Civ. P. 41(b).

[18] *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008).

In cases involving the reasonableness of force by law enforcement officers, "the reasonableness of force used is ordinarily a question of fact for the jury."[19] "Because the excessive force inquiry nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom, we have held on many occasions that summary judgment or judgment as a matter of law in excessive force cases should be granted sparingly."[20]

### III.   DISCUSSION

#### A. The Federal Tort Claims Act and California Law

Plaintiffs' complaint contains three tort claims against the USA under the FTCA. Plaintiffs allege claims for: (1) false arrest and false imprisonment; (2) negligence and (3) assault. Because Plaintiffs' tort claims are brought under the FTCA, and the events at issue took place in California, the court applies California law.[21]

Under California law, to prevail on the tort of false arrest and false imprisonment, the plaintiff must establish that "there was an arrest without process followed by imprisonment."[22] As this court has previously explained, California law treats false arrest and false imprisonment as a single tort.[23]

To prevail on a claim of negligence, a plaintiff must establish that: (1) the defendant had a legal duty to conform to a standard of conduct to protect the plaintiff; (2) the defendant failed to

---

[19] *Liston v. Cnty. of Riverside*, 120 F.3d 965, 976 n.10 (9th Cir. 1997).

[20] *Glenn v. Washington Cnty.*, 673 F.3d 864, 871 (9th Cir. 2011).

[21] *See Richards v. United States,* 369 U.S. 1, 7 (1962).

[22] *Watts v. Cnty. of Sacramento,* 256 F.3d 886, 891 (9th Cir. 2001).

[23] *See* Docket No. 52 at 8 n.32 (citing *Watts v. Cnty. of Sacramento*, 256 F.3d 886, 891 (9th Cir. 2001)).

5
Case No.: C 10-02811 PSG
ORDER

meet this standard of conduct; (3) the defendant's failure was the proximate or legal cause of the resulting injury and (4) the plaintiff was damaged.[24]

To prevail on a claim of assault, a plaintiff must establish: (1) the defendant threatened to touch the plaintiff in a harmful or offensive manner; (2) it reasonably appeared to the plaintiff that the defendant was about to carry out the threat; (3) the plaintiff did not consent to the defendant's conduct; (4) the plaintiff was harmed and (5) the defendant's conduct was a substantial factor in causing the plaintiff's harm.[25] Alternatively, "[t]he elements of civil assault are: demonstration of an unlawful intent by one person to inflict immediate injury on the person of another then present."[26]

### B. False Arrest and False Imprisonment

In urging this court again to dismiss Plaintiffs' claims of false arrest and false imprisonment, this time with prejudice, the USA argues that the SAC offers nothing to overcome this court's previous recognition of the Supreme Court's holding in *Michigan v. Summers* that "temporary detention of occupants of a home not suspected of committing a crime during the execution of a search warrant is proper."[27] The USA discounts the notion that that the Ninth Circuit's recent and intervening decision in *Avina v. United States*[28] establishes any different standard.

---

[24] *Doe v. City of San Mateo*, 2011 U.S. Dist. LEXIS 12892, *33 (N.D. Cal. 2011), citing *Ladd v. County of San Mateo*, 12 Cal. 4th 913, 917 (1996).

[25] Judicial Council of Cal., Civil Jury Instructions No. 1301 ("Assault"); *Tekle v. United States*, 511 F.3d 839, 855 (9th Cir. 2007).

[26] *Martinez v. Garcia*, Case No. 09-299, 2011 WL 23670, at *22 (E.D. Cal. Jan. 4, 2011) (citing *Lowry v. Standard Oil Co.*, 63 Cal. App. 2d 1, 6-7 (1944)).

[27] *See* Docket No. 52 at 9.

[28] 681 F.3d 1127 (9th Cir. 2012).

6
Case No.: C 10-02811 PSG
ORDER

In *Avina,* during the course of executing a search warrant at a mobile home, federal agents handcuffed two minors, aged eleven and fourteen.[29] Federal agents pointed guns at the head of the eleven year old and brought her to the bedroom of the fourteen year old.[30] They were forced to lie face-down on the ground and handcuffed behind their backs.[31] Later both children were moved into the living room with their hands still cuffed behind their backs.[32] The eleven year-old began to cry because she could not find her father.[33]

Under *Avina*, the agents' actions towards Plaintiffs cannot be deemed reasonable as a matter of law, when the allegations in the SAC are viewed in the light most favorable to them. *Avina* specifically distinguishes otherwise reasonable force when applied to minors and the limited threat they are alleged to have posed. "Under our case law, an issue of material fact exists as to whether the actions of the agents were excessive in light of the ages of B.S.A. (age eleven) and B.F.A. (age fourteen) and the limited threat they posed."[34] While the USA highlights the different mix of ages of the children at issue here, nothing in *Avina* suggests that its particular age mix limits its holding that a jury should resolve tort claims involving use of force against minors. Accordingly, the USA's motion to dismiss Plantiffs' false imprisonment and false arrest claim in DENIED.

C.  **Negligence**

In urging this court again to dismiss Plaintiffs' claims of negligence, this time with prejudice, the USA argues that because the allegations do not establish unreasonable force,

---

[29] *See id.* at 1129-1130.

[30] *See id.*

[31] *See id.*

[32] *See id.* at 1130.

[33] *See id.*

[34] *See id.* at 1133.

7

Case No.: C 10-02811 PSG
ORDER

Plaintiffs cannot establish even a violation of any duty they were owed. Bound as it by the Ninth Circuit's precedent in *Avina*, the court must respectfully disagree.

Under *Avina's* distinction in analyzing force-based claims against minors, and accepting the allegations as true and in the light most favorable to Plaintiffs, a reasonable trier of fact could find that the agents breached their duty to act reasonably under the circumstances when the agents: (1) forcibly slammed Julio down to the ground, physically dragged him across the outside concrete, handcuffed him while on his stomach and held him at gun point; (2) held Carlos at gun point after he came down the stairs; and (3) awakened ELA and GLA from their sleep and held them at gun point.[35] Accordingly, the USA's motion to dismiss Plaintiffs' negligence claim is DENIED.

### D. Assault

With respect to Plaintiffs' assault claim, the USA simply contends that the SAC repeats the error of the FAC in failing to allege any unlawful intent to inflict injury. But Paragraph 40 plainly alleges just such an intent: "Defendants' actions in using excessive, unnecessary and unreasonable force to restrain or control Plaintiff were intended to cause an apprehension of imminent harmful or offensive contact."[36] Accordingly, the USA's motion to dismiss Plaintiffs' assault claim is DENIED.

## III. CONCLUSION

The USA's motion to dismiss is DENIED. No later than October 12, 2012, the parties jointly shall submit a proposed scheduling order. In the event the parties are not able to agree on a schedule, they shall jointly request a case management conference no later than this same date.

---

[35] *See Avina*, 681 F.3d at 1133 (holding that officers were not entitled to summary judgment where officers pointed guns at eleven year-old's head while handcuffed and forced eleven year-old and fourteen year-old to lie on ground in handcuffs).

[36] *See* Docket No. 35 at 7.

Case No.: C 10-02811 PSG
ORDER

United States District Court
For the Northern District of California

**IT IS SO ORDERED.**

Dated: 10/3/2012

_____
PAUL S. GREWAL
United States Magistrate Judge

Case No.: C 10-02811 PSG
ORDER

9